In the Matter of the Claim of JAMESTOWN LODGE No. 1681 LOYAL ORDER OF MOOSE, INC., Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— The Industrial Commissioner has appealed from that portion of a decision made by the Unemployment Insurance Appeal Board which overruled his initial determination assessing additional contributions against the employer and held that certain variety actors engaged by respondent lodge were independent contractors and not employees. Over a period of years the lodge

engaged approximately 200 acts. In all instances the artists worked under the "AGVA (American Guild of Variety Artists) Standard Form of Artists Engagement Contract". It is contended that that contract incorporated by reference certain rules and regulations of AGVA requiring, among other things, that the operator or employer recognize the entertainer as an employee and not as an independent contractor. In this instance the respondent did not enter into the "Minimum Basic Agreement" of AGVA, by the terms of which it would have agreed to abide by AGVA's rules and regulations. The Appeal Board has found that the standard form here used did not incorporate AGVA rules and regulations by reference. The contract contained a section reading, "It is expressly understood that the Artist is and signs this contract as an 'Independent Contractor' and not as an employee and that the Artist shall have exclusive control over the means, method and persons employed in fulfilling the obligations hereunder in all respects and in all details. The Artist also agrees to discharge and perform and have exclusive liability for all obligations with regard to the payment of any social security tax, victory tax, withholding tax, unemployment insurance tax and the like under Federal, State and Municipal Laws." That the contract designated the entertainer as an independent contractor would not alone suffice to overcome evidence of the relationship of employer and employee. (*Matter of Cassetta* [*Realty Hotels — Corsi*], 282 App. Div. 793.) Here, however, as found by the Appeal Board, the commissioner offered no evidence to establish whether or not the entertainers were actually or impliedly subjected to the employer's supervision, direction and control. There remained the reasonable inference that respondent, accepting the services of the entertainers under their standard form of contract, conformed to the provision therein reserving to the entertainer "exclusive control over the means, method and persons employed in fulfilling the obligations hereunder in all respects and in all details." The board has determined the relationship as a factual question. Decision unanimously affirmed, with costs to the respondent. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.